Gualan-Pomaquiza v. Bondi

BIA
Ling, IJ
A220 219 023/024/025/026

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

JOSE ANTONIO GUALAN-POMAQUIZA, QUELION ISMAEL GUALAN-YAGUACHI, BLANCA SUSANA YAGUACHO-LEON, ELI JOAS GUALAN-YAGUACHI,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

**23-7852**
**NAC**

_____

FOR PETITIONERS:              Stuart Altman, Law Office of Stuart Altman,
                              New York, NY.

FOR RESPONDENT:               Brian Boynton, Principal Deputy Assistant
                              Attorney General; Anthony P. Nicastro,
                              Assistant Director; Kristen H. Blosser, Trial
                              Attorney, Office of Immigration Litigation,
                              United States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners, Jose Antonio Gualan-Pomaquiza, Blanca Susana Yaguacho-

Leon, and their minor children, natives and citizens of Ecuador, seek review of an

October 31, 2023 decision of the BIA, affirming an October 28, 2022 decision of an

Immigration Judge ("IJ"), which denied asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). *In re Gualan Pomaquiza*,

Nos. A 220 219 023/024/025/026 (B.I.A. Oct. 31, 2023), *aff'g* Nos. A 220 219

023/024/025/026 (Immig. Ct. N.Y. City Oct. 28, 2022). We assume the parties'

familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

I.     Asylum and Withholding of Removal

An applicant for asylum and withholding of removal must establish past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying the "one central reason" standard to both asylum and withholding). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316,

328 (2d Cir. 2020) (internal quotation marks and citations omitted). The agency concluded that the petitioners failed to show a nexus to a protected ground or that the government was unable or unwilling to protect them. As these findings are independently dispositive, we address only the latter. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

"Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (internal quotation marks and citation omitted). "[T]he unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior." *Scarlett*, 957 F.3d at 331 (alterations adopted) (internal quotation marks and citation omitted).

The agency reasonably concluded that the petitioners did not establish that the government was unable or unwilling to protect them. First, there is no evidence that the authorities condoned persecution. The prosecutor took a

4

statement; the testimony indicated that there might be a trial arising from the assault that one of the minor petitioners witnessed; and the petitioners did not report subsequent threats or present country conditions evidence that such threats would have been ignored. Further, the prosecutor's involvement and issuance of a protection order undercut any claim that the authorities would be unwilling to intervene. And to the extent the petitioners assert that the police told them they could not help and that the petitioners should go into hiding, the brief misstates the record. Petitioner's Br. at 19. Yaguacho-Leon testified that she never contacted the police, that her brother and parents filed a complaint in 2017, and that her brother told them to leave; but she did not testify that the police refused (or claimed to be unable) to help her, Jose Antonio Gualan-Pomaquiza, or their children. Certified Admin. Record at 136–41. Finally, although a failure to seek police assistance does not preclude a finding that the authorities were unable or unwilling to protect, here there is insufficient evidence to indicate that the police would not have helped given the protection order and involvement of the prosecutor. *See Singh*, 11 F.4th at 114–15 (requiring some proof that the government "condoned [the persecution] or at least demonstrated a complete helplessness to protect the victims"); *Scarlett*, 957 F.3d at 331–32 (same).

5

II.    CAT Relief

"An alien is entitled to protection under CAT when he or she is more likely than not to be tortured in the proposed country of removal." *Savchuk v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (alterations adopted) (internal quotation marks and citation omitted); *see also* 8 C.F.R. § 1208.16(c)(2).   "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by, or . . . with the consent or acquiescence of, a public official . . . ."   8 C.F.R. § 1208.18(a)(1).   "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."   *Id.* § 1208.18(a)(7).   In assessing whether an applicant is more likely than not to be tortured, the agency considers:   "(i) Evidence of past torture inflicted upon the applicant; (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured; (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and (iv) Other relevant information regarding conditions in the country of removal."   *Id.* § 1208.16(c)(3).

Substantial evidence supports the agency's denial of CAT relief. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency."). As to the likelihood of torture, there were past threats, but no physical harm; the petitioners remained in Ecuador unharmed after the 2017 incident until coming to the United States in 2021; the threats stopped in 2019; and no harm has come to other family members, including the victim of the initial assault. This record does not compel a conclusion that petitioners will more likely than not be tortured or that Ecuadorian officials will acquiesce to their torture.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7